

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 1 0 2008 ★

**BROOKLYN OFFICE**

——————————————————————X

MOSES MCBRIDE,

               Petitioner,

    -against-

BRIAN S. FISHER, DOCS Commissioner;
ANDREW CUOMO, Attorney General of
the State of New York,[1]

             Respondents.

MEMORANDUM
AND ORDER
08-CV-1039 (NG)

——————————————————————X

GERSHON, United States District Judge:

On February 23, 2008,[2] petitioner, incarcerated at Fishkill Correctional Facility, filed this *pro se* petition seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 challenging a 1995 conviction in New York Supreme Court, Kings County. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has reviewed this petition which appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court therefore directs petitioner to show cause, within thirty (30) days from the entry of this Order, why the petition should not be dismissed as time-barred.

---

[1] The Court notes that the petitioner has named the Commissioner of the Department of Corrections and the Attorney General of the State of New York as respondents herein. The proper respondent is the Superintendent of the facility in which the petitioner is incarcerated. See Rule 2(a) of the Rules Governing § 2254 Cases (providing that "the application shall be in the form of a petition ... in which the state officer having custody of the applicant shall be named as respondent.").

[2] Petitioner signed the petition on February 23, 2008. Noble v. Kelly, 246 F.3d 93 (2d Cir. 2001) (pro se prisoner "files" his habeas petition with the district court when he submits his papers to prison authorities for mailing). The Court's *pro se* office received the instant petition on March 3, 2008.

1

**DISCUSSION**

On April 24, 1996, Congress passed the AEDPA which established a one-year statute of limitations for the filing of a petition for a writ of *habeas corpus* by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244 (d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

Petitioner's instant application for habeas relief appears to be time-barred under the AEDPA. In general, the one-year statute of limitations period runs from the date on which the state criminal judgment becomes final.[3] 28 U.S.C. § 2244(d)(1). If an appeal is filed, the judgment of conviction becomes final ninety days after the date the Court of Appeals denies leave to appeal. Williams v. Artuz, 237 F. 3d 147, 150-51 (2d Cir. 2001).

Petitioner was convicted on February 6, 1995. Petition at ¶ 2. It appears that petitioner did not

---

[3]Petitioner does not allege a basis for the application of 28 U.S.C. § 2244 (d)(1)(B),(C) or (D).

file any direct appeal of his conviction, therefore, under New York law, petitioner's conviction became final thirty days from the date of his conviction, *i.e.* March 8, 1995. See Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2000) (judgment of conviction becomes final when the thirty days in which to seek direct review of the conviction expires). Because petitioner's conviction became final prior to the passage of the AEDPA, he had a one-year grace period to file the instant petition *i.e.* until April 24, 1997. Ross v. Artuz, 150 F.3d 97. 98 (2d Cir. 1998).

Statutory Tolling

28 U.S.C. § 2244(d)(2) provides for the one-year statute of limitation period to be tolled while state post-conviction motions are pending. A properly filed motion to vacate judgment under N.Y. Crim. Proc. L. § 440.10 is a state remedy that justifies statutory tolling. See Pratt v. Greiner, 306 F.3d 1190, 1191 (2d Cir. 2002). A petitioner who brings a motion to vacate a judgment is entitled to statutory tolling while the proceedings are pending, *i.e.*, "from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999).

Petitioner has filed two post-conviction motions challenging the consecutive sentences imposed on February 6, 1995. Petitioner's first § 440 motion was filed on January 6, 1997, denied by the Kings County Supreme Court on April 18, 1997 and his application for leave was denied by the Appellate Division, Second Department on December 16, 1997. Petition, ¶ ¶ 15, 18, Attachments, slip.ops.

Six years, two months and fourteen days later, on March 1, 2004, petitioner filed a second § 440 motion in the Supreme Court, Kings County, again challenging the consecutive sentences to which he was sentenced. The Kings County Supreme Court denied petitioner's motion on November 22, 2004. Petition at ¶ 16(g), Attachment, Slip op. Petitioner was granted leave to appeal from this Order on March 9, 2005 but the Appellate Division, Second Department affirmed the decision on May 8,

3

2007. People v. McBride, 40 A.D.3d 780, 836 N.Y.S.2d 621 (2d Dept. 2007). On August 22, 2007, the New York Court of Appeals denied petitioner leave to appeal. People v. McBride, 9 N.Y.3d 878 (2007). Petitioner filed the instant habeas petition on February 23, 2008, six months later.

Petitioner is advised that filing a post-conviction motion does not start the one-year statute of limitations period to run anew. 28 U.S.C. § 2244(d)(2). Rather, the tolling provision under § 2244(d)(2) applies only if petitioner's post-conviction motion was pending within the one-year limitations period, and excludes from the limitations period only the time the motion remained undecided. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) *(per curiam)*. By the court's calculations, while petitioner's first § 440 motion tolled the statute of limitations for the period of time it was pending (from January 6, 1997 to December 16, 1997, 344 days), the second § 440 motion did not because the one-year grace period as statutorily tolled (April 3, 1998) had expired before petitioner filed it on March 1, 2004. Smith v. McGinnis, 208 F.3d at 16. Therefore, the instant habeas petition was filed nine years, ten months and twenty days after the AEDPA statute of limitations grace period expired.

### Equitable Tolling

Petitioner is advised that the statute of limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Smith v. McGinnis, 208 F.3d at 17 (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)); see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers is sufficient to establish potential basis for equitable tolling). Should petitioner have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his affirmation.

4

## CONCLUSION

Petitioner is hereby directed to show cause by written affirmation, within thirty days from the date of this Order, why the statute of limitations should not bar the instant petition.[4] Day v. McDonough, 547 U.S. 198 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000) (petitioner is entitled to notice and an opportunity to be heard before the Court dismisses a petition as time-barred). Petitioner should also include any facts which would support the statutory tolling of the one-year period as outlined in 28 U.S.C. § 2244(d). Should petitioner ask the Court to equitably toll the limitations period, he shall set forth facts that establish the basis for equitable tolling. No response shall be required at this time and all further proceedings shall be stayed for thirty days or until the petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/NG

NINA GERSHON
United States District Judge

Dated: April 9, 2008
       Brooklyn, New York

---

[4] An affirmation form is attached to this Order for petitioner's convenience.

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

MOSES MCBRIDE,

                    Petitioner,

        -against-                                    PETITIONER'S
                                                     AFFIRMATION
                                                     08-CV-1039 (NG)


                    Respondent.
_____X

STATE OF _____    }
COUNTY OF _____      } SS:


        Moses McBride makes the following affirmation under the penalties of perjury:

        I am the petitioner in this action and I respectfully submit this affirmation in response to

the Court's Order dated _____. The instant petition should not be time-barred by the one-

year statute of limitations because_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature

_____
Address

_____

_____
City, State & Zip Code